UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL HICKS,

       *Plaintiff*,

  v.

ANGELA D. CAESAR, *et al.*,

       *Defendants*.

Civil Action No. 1:25-cv-02045 (UNA)

**MEMORANDUM OPINION**

    This matter is before the Court on its initial review of Plaintiff's *pro se* untitled pleading, generously construed as a Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 3. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this case without prejudice.

    Plaintiff, who is a prisoner designated to Clifton T. Perkins Hospital Center in Jessup, Maryland, has filed an untitled and uncaptioned pleading, in contravention of Federal Rule 10(a). He appears to sue the Clerk of this Court, and several of the Clerk's unnamed employees, in contravention of D.C. Local Civil Rule 5.1(c)(1), (g), *see* Compl. at 15, and perhaps countless others, *see id.* at 19–30. The "Complaint" totals 90 pages and is largely indecipherable. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the instant pleading falls squarely into this category.

Plaintiff's allegations are founded on an alleged widespread conspiracy and cover a wide variety of haphazard topics, oscillating wildly between subject matter, including, but not limited to, illegal detainment, refusal of "judicial process," gangs, casinos, banks, border control, air marshals, health inspectors, other federal courts, Christopher Columbus, colonial America, cigarette smoking, disease, and reincarnation, and the Complaint includes a puzzling list of 147 foreign countries and assorted math problems. *See generally* Compl. Plaintiff purports to be the first person born in the year "00" and that he "died and was reborn again." *See id.* at 6. The remainder of the Complaint consists of unexplained exhibits, *see* D.C. LCvR 5.1(e), including a list of Major League Baseball players and owners. *See* Compl. at 32–85. The relief sought, if any, is unclear.

Simply put, the Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's Motion to Consolidate, ECF No. 5, is denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: November 5, 2025

CARL J. NICHOLS
United States District Judge